IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JESUS REYES,**

        **Petitioner,**

v.

**WARDEN OF OKLAHOMA CITY FTC,**

        **Respondent.**

Case No. 3:19-CV-1378-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion to Dismiss Petition for Relief pursuant to 28 U.S.C. § 2241 filed by Respondent United States of America on behalf of the Warden of Oklahoma City FTC (Doc. 22). Petitioner Jesus Reyes filed this action to extinguish his conviction for possession of a firearm by a prohibited person based upon the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). Petitioner argues the Government failed to prove that he knew of his felon status when he possessed a firearm (Doc. 1).

The Court appointed the Federal Public Defender's Office to evaluate Petitioner's claim (Doc. 13), but counsel later moved to withdraw after concluding Petitioner cannot show he is actually innocent of the offense of possession of a firearm by a felon (Doc. 15). In fact, Petitioner had entered into a stipulation of facts at trial admitting that he had been convicted of a felony and was prohibited from possessing a firearm (Doc. 15, pp. 2-3, Doc. 15-1). The Court granted counsel's motion withdraw and gave Petitioner additional

time to voluntarily dismiss his case in light of counsel's assessment of his claim (Doc. 18). Alternatively, if Petitioner did not voluntarily dismiss his claim, Respondent was directed to answer or otherwise respond to the Petition on or before October 30, 2020 (*Id.*).

Petitioner did not move to voluntarily dismiss his claim, so on October 26, 2020, Respondent filed the instant motion to dismiss. Petitioner was granted 45 days—until December 10, 2020—to respond to the motion and was advised that a failure to respond may be deemed an admission of the merits of the motion pursuant to SDIL-LR 7.1(c) (Doc. 23). Petitioner did not file a response by the deadline.

Petitioner admits that he has submitted a previous § 2255 motion, which prevents him from seeking post-conviction relief without first seeking authorization from the United States Court of Appeals for the Tenth Circuit. Nevertheless, as Respondent acknowledges, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention. 28 U.S.C. § 2255(e). In order to trigger the savings clause, a petitioner must meet three conditions: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in a prior § 2255 motion and that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

Respondent asserts that Petitioner has not satisfied the second requirement of the savings clause because *Rehaif* is not a decision that federal courts have deemed to be

retroactive. *See Charles v. United States*, No. 16-CV-9160, 2020 WL 4464715, at *2 (N.D. Ill. Aug. 4, 2020) ("To date, the Supreme Court has not made *Rehaif* retroactive on collateral review."). Furthermore, Petitioner has failed to satisfy the third element of the savings clause because he has not shown there is a fundamental defect that qualifies as a miscarriage of justice with respect to his convictions under § 922(g). Respondent notes that a "miscarriage of justice" has been qualified as a situation where a defendant is convicted for a crime of which he is actually innocent. *See, e.g., Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *see also Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012). Here, however, Petitioner's prior conviction for aggravated assault sent him to prison for 29 months. Thus, any claim that Petitioner was unaware of his status as a felon would have been rejected by the jury. And, of course, Petitioner stipulated to such at trial when he stated he had been "convicted of a crime punishable for a term exceeding one year (a felony) and was prohibited from possessing a firearm." (Doc. 15-1).

Pursuant to Local Rule 7.1(c), the failure to respond timely to a motion may, in the Court's discretion, be deemed an admission of the merits of the motion. Despite being directed to do so, Petitioner failed to file a timely response to the pending motion to dismiss. The Court finds that the motion by the United States has merit, and, as a result, it is appropriate to exercise discretion under Local Rule 7.1(c) to deem Petitioner's failure to respond an admission of the merits of the motion to dismiss.

For these reasons, the Court **GRANTS** the motion to dismiss filed by the United States (Doc. 22). The petition filed pursuant to 28 U.S.C. § 2241 by Petitioner Jesus Reyes is **DISMISSED with prejudice**.

The Clerk of Court is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

DATED:   December 15, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**